# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

IN RE:

**FABCO OF BATON ROUGE
LIMITED LIABILITY COMPANY**

**SAMERA L. ABIDE, TRUSTEE**                    **CIVIL ACTION**

**VERSUS**

**ESTHER FETTER**                               **No. 09-646-RET**

## RULING ON MOTION FOR WITHDRAWAL OF REFERENCE TO BANKRUPTCY COURT

This matter is before the Court on a Motion for Withdrawal of Reference to Bankruptcy Court (Doc. No. 1-1) filed by defendant, Esther Fetter. Defendant seeks an order withdrawing Adversary Proceeding No. 09-1026 from the United States Bankruptcy Court for the Middle District of Louisiana. Plaintiff, Samera L. Abide (trustee), has not filed any opposition.

On April 17, 2007, Debtor, FABCO OF BATON ROUGE, filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. On August 10, 2007, this matter was converted into a Chapter 7 bankruptcy. Subsequently, plaintiff, Samera L. Abide, was appointed trustee. Plaintiff then filed this adversary proceeding against defendant, alleging that Debtor made a fraudulent monetary transfer to defendant in the amount of $182,761.78 on June 30, 2006. Plaintiff seeks

Doc#1927

a money judgment against the defendant for that amount.

Plaintiff alleges that Lonnie Fetter was the sole member of Debtor which is a limited liability company. Plaintiff further alleges that Debtor incurred an obligation to American Gateway Bank wherein the bank loaned Debtor $2,214,815.00. After the loan was funded, Debtor opened a bank account with American Gateway Bank and deposited the sum of $963,092.51 into the account. Thereafter, as reflected in statements issued by American Gateway Bank, defendant received a transfer of $182,761.78 from Debtor's bank account.

Plaintiff alleges that defendant and Lonnie Fetter were divorced at the time of the transfer and, through a community property settlement, Lonnie Fetter was indebted to defendant in the sum of $250,000. Based on the contention that it was Lonnie Fetter who was indebted to defendant, and not Debtor, and that Lonnie Fetter, as Debtor's r epresentative, caused Debtor to transfer $182,761.78 to defendant , plaintiff seeks a money judgment against defendant.

Through her motion for withdrawal, defendant argues that she is entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution. In support of her argument, defendant asserts that plaintiff's complaint is a fraudulent conveyance action seeking a money judgment, a remedy at law and not an equitable remedy, so defendant is entitled to a jury trial. Defendant also argues that this matter is a non-core proceeding merely related to the bankruptcy.

The Seventh Amendment preserves the right to trial by jury for suits at common law, not in equity.[1]  First, the Court must determine whether the action is at common law or in equity.

In **Granfinanciera S.A. v. Nordberg,** 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court set forth a three-pronged test to determine whether a right to jury trial under the Seventh Amendment exists for the fraudulent conveyance action there presented.  The Court stated:

> 'First , we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature." ... If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.'[2]

As the court noted in **Granfinanciera**, "[t]here is no dispute that actions to recover preferential or fraudulent transfers were often bought at law in [] late 18th century England."[3]  In **Granfinanciera**, the Supreme Court went on to hold that litigants in a fraudulent conveyance action have a Seventh Amendment right to a jury

---

[1] See **Parsons v. Bedford,** 28 U.S. 433, 446-47, 7 L.Ed.2d 732 (1830).

[2] **Granfinanciera S.A. v. Nordberg,** 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

[3] **Id.** at 43.

trial.[4] Thus, in accordance with **Granfinanciera**, this Court finds that the defendant in this matter has an Article III right and a Seventh Amendment right to a trial by jury on the fraudulent conveyance claim. Additionally, the relief sought by plaintiff is not bankruptcy relief, but is solely monetary relief.

The Court recognizes that there are situations where awards of monetary relief are equitable remedies. However, the Court does not find that to be the situation in this case. The essence of plaintiff's claim seeks a legal remedy in the form of monetary damages. The Court also notes that defendant has not filed a claim against debtor in the bankruptcy proceeding, nor has defendant waived her right to a jury trial. Hence, the Court finds that the Seventh Amendment applies in this case, and defendant is entitled to a jury trial.

Title 28 U.S.C. § 157(d) provides as follows: "The district court may withdraw, in whole, or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." For the above and foregoing reasons, the Court concludes that defendant, Esther Fetter, has shown cause for withdrawal of this proceeding from the bankruptcy court. Accordingly,

---

[4] **Granfinanciera, S.A.**, 492 U.S. at 64.

IT IS ORDERED that Esther Fetter's Motion for Withdrawal of Reference to Bankruptcy Court (Doc. No. 1-1) is **GRANTED**.[5]

Baton Rouge, Louisiana, this 26th day of May, 2011.

RALPH E. TYSON, CHIEF JUDGE
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Because of the court's finding, it is not necessary to consider defendant's other arguments that she has not consented to proceedings being conducted by the bankruptcy court and that the bankruptcy court lacks jurisdiction to conduct a jury trial